IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ACUITY BRANDS LIGHTING, INC.

    *Plaintiff,*

  v.

TIMOTHY SMITRESKI;
DIVERSIFIED NJ, INC.;
12C SYNERGY, INC.

    *Defendants.*

No. 1:21-cv-01586-SB

---

Andrew Lynch Cole, COLE SCHOTZ P.C., Wilmington, Delaware; Ivan R. Novich, Tyler A. Sims, LITTLER MENDELSON P.C., Newark, New Jersey.

    *Counsel for Plaintiff.*

Margaret M. DiBianca, CLARK HILL PLC, Wilmington, Delaware.

    *Counsel for Defendant Timothy Smitreski.*

David Phillip Primack, MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP, Wilmington, Delaware; Eric J. Schreiner, Lorena E. Ahumada, KLEINBARD LLC, Philadelphia, Pennsylvania.

    *Counsel for Defendants Diversified NJ, Inc. & 12C Synergy, Inc.*

---

**MEMORANDUM OPINION**

April 28, 2022

BIBAS, *Circuit Judge*, sitting by designation.

Parties are bound by the words of their agreements; they cannot inject new meanings later. Yet Acuity Brands Lighting tries to do just that. It recognizes that defendants must litigate in a court they agreed to in a forum-selection clause. And it asks me to remand to Delaware's Chancery Court. But the forum-selection clause does not mention the Chancery Court, so I will not remand this case there.

Timothy Smitreski used to work for Acuity. Compl., D.I. 1-1 ¶¶ 1–2. Financed by Acuity, he wined and dined its clients. *Id.* ¶¶ 29–34. Acuity worried that Smitreski could steal those clients if he left. *Id.* ¶ 43. So it made him sign a noncompete agreement. *Id.* ¶ 43. Smitreski promised not to deal with Acuity clients for two years after he left the company. *Id.* ¶ 49.

But Acuity suspects he broke that promise. It accuses Smitreski of poaching its customers as soon as he left to work for its competitor, Diversified NJ, Inc. *Id.* ¶¶ 66–77. So Acuity sued both Smitreski and Diversified in Delaware Chancery Court, seeking an injunction against Smitreski's overtures and damages to compensate for lost business. *Id.* at 35–37. With Smitreski's consent, Diversified immediately removed to federal court. D.I. 1; D.I. 1-4.

Now Acuity asks me to remand back to Chancery Court. D.I. 10. It says Smitreski could not have consented to removal because he was bound by a forum-selection clause in his noncompete. D.I. 11, at 6, 10; *see* D.I 12-1, at 60; 28 U.S.C. § 1446(b)(2)(A). The forum-selection clause provides that all disputes would be brought either "in the U.S. District Court for the District of Delaware or the Delaware

Superior Court." D.I. 12-1, at 60. By signing that noncompete, Acuity says, Smitreski had "agreed to go to, *and stay in*, the forum chosen by [Acuity]." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217 (3d Cir. 1991) (holding that agreeing to litigate in a forum might implicitly waive the right to remove).

There is one problem with Acuity's argument: Smitreski did *not* agree to litigate in Delaware Chancery Court. The only state court that the forum-selection clause mentioned was "the Delaware Superior Court." D.I. 12-1, at 60. The "plain and ordinary meaning" of "Superior Court" is "Superior Court," not "Chancery Court" or "any state court." *New Jersey v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 548 (3d Cir. 2011). So the text does not mandate remand to the Chancery Court.

Acuity responds that by "Superior Court" they "intended to … refer[] to [Delaware courts] more generally." D.I. 11, at 2 n.1. It says the clause contemplates suits for injunctive relief. And it stresses that those suits must be brought in Chancery Court. *See* Del. Code tit. 10, § 341.

Maybe. Or maybe not. The parties may have expected requests for injunctions to end up in federal court. D.I. 12-1, at 60. Or they may have planned to ask Delaware's Supreme Court to appoint a Superior Court judge to sit in equity. Del. Const. art. IV, § 13; *see, e.g.*, *AT&T Wireless Servs., Inc. v. Fed. Ins. Co.*, 2005 WL 2155695, at *4 (Del. Sup. Ct. Aug. 18, 2005) (noting that a Superior Court judge can sit as both a Superior and Chancery judge). Thus, there is no need for me to write "Chancery Court" into the clause.

Acuity also points out that I should not determine which state court—Superior or Chancery—would have jurisdiction over this case. D.I. 20, at 6–7. Fair enough. But reading the words of a forum-selection clause hardly requires me to opine on Delaware jurisdictional rules. So I need not worry about running into this trap.

\* \* \* \* \*

Because the plain text of the forum-selection clause does not force Smitreski to litigate in Chancery Court, he could consent to removal to this Court. So I will not remand.